1

**GLANCY PRONGAY & MURRAY LLP**

2

Kevin F. Ruf (SBN 136901)

Marc L. Godino (SBN 182689)

3

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

4

Telephone: (310) 201-9150

5

Facsimile: (310) 201-9160

Email: kruf@glancylaw.com

6

Email: mgodino@glancylaw.com

7

8

*Attorneys for Plaintiff and the Proposed Class*

9

[Additional Counsel on Signature Page]

10

11

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13

| PEGGY TATUM on behalf of herself and all others similarly situated, | Case No: |
|---|---|
| 14 | |
| Plaintiff, | **Class Action Complaint for Violations of:** |
| 15 | **1. Consumers Legal Remedies Act, Cal. Civ. Code §§1750 *et seq.*** |
| v. | **2. Unfair Competition Law, Unlawful Prong, Cal. Bus. & Prof. Code §§17200 *et seq.*** |
| THE KRAFT HEINZ COMPANY and KRAFT HEINZ FOODS COMPANY (LLC), | **3. Unfair Competition Law, Unfair Prong, Cal. Bus. & Prof. Code §§17200, *et seq.*** |
| Defendants. | **4. False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*** |
| | **5. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*** |
| | **6. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201, *et seq.*** |
| | **7. Breach of Express Warranty** |
| | **8. Breach of Implied Warranty** |
| | **9. Negligent Misrepresentation** |
| | **10. Fraud by Omission** |
| | **DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

I.    JURISDICTION AND VENUE ................................................................. 1

II.   NATURE OF THE ACTION ..................................................................... 2

III.  PARTIES ................................................................................................... 4

IV.  FACTUAL ALLEGATIONS .................................................................... 5

     A.    Defendants Do Not Disclose That Their Products Are Artificially Flavored. ........................................................................................ 5

     B.    Federal Regulations and State Law Require Defendants to Disclose the Artificial Flavor dl-Malic Acid in the Products. ................................. 9

     C.    Defendants' Competitors Label Their Products Lawfully. ............................ 13

     D.    Plaintiff and the Class Pay a Price Premium for Defendants' Misbranded Products ............................................................................ 14

V.    DELAYED DISCOVERY ....................................................................... 16

VI.  CLASS ACTION ALLEGATIONS ........................................................ 16

VII.  CAUSES OF ACTION ........................................................................... 20

     FIRST CAUSE OF ACTION .................................................................... 20

     SECOND CAUSE OF ACTION ............................................................... 21

     THIRD CAUSE OF ACTION ................................................................... 22

     FOURTH CAUSE OF ACTION ............................................................... 24

     FIFTH CAUSE OF ACTION .................................................................... 26

     SIXTH CAUSE OF ACTION ................................................................... 27

     SEVENTH CAUSE OF ACTION ............................................................. 29

     EIGHTH CAUSE OF ACTION ................................................................ 30

     NINTH CAUSE OF ACTION ................................................................... 32

     TENTH CAUSE OF ACTION ................................................................... 34

VIII. PRAYER FOR RELIEF .......................................................................... 35

IX.  JURY DEMAND ..................................................................................... 37

i

Plaintiff Peggy Tatum ("Plaintiff"), on behalf of herself and all others similarly situated, by and through undersigned counsel, hereby brings this action against The Kraft Heinz Company ("Kraft Heinz" or "Defendants") and Kraft Heinz Foods Company LLC ("Kraft Heinz Foods" or "Defendants") and upon information and belief and investigation of counsel, alleges as follows:

## I.    JURISDICTION AND VENUE

1.    Plaintiff brings this proposed class action in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005).

2.    This Court has subject matter jurisdiction over this proposed class action under CAFA, 28 U.S. Code § 1332(d), which provides the federal courts with original jurisdiction over any class action in which any member of the plaintiff class is a citizen of a state different from any defendant and the matter in controversy exceeds $5 million in the aggregate, exclusive of interest and costs.

3.    Minimal diversity as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A) is satisfied as Plaintiff as well as other members of the proposed class are citizens of states other than Delaware and Illinois and Kraft Heinz and Kraft Heinz Foods are citizens of Delaware and Illinois.

4.    The jurisdictional amount in controversy is satisfied. Plaintiff alleges on information and belief that the total claims of the members of the proposed Class in this action exceed $5 million in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

5.    This Court has both general and specific personal jurisdiction over Defendants.

6.    This Court has personal jurisdiction over Defendants because they have affirmatively established and maintained contacts with the State of California (the "State").

7.    This Court further has specific personal jurisdiction arising from Defendants' decision to market, distribute, and sell the products that are the subject of this action in California.

1

8.     Defendants have sufficient minimum contacts with this State and sufficiently avail themselves of the markets and legal protections of this State through their promotion, marketing, sales, and distributing of the Products within the State to render the exercise of jurisdiction by this Court reasonable and fair.

9.     Venue is proper in this County and this judicial district pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendants conduct business in this district and engage in substantial transactions here, and many of the transactions complained of herein including those between Plaintiff and Defendants occurred in this district.

## II.     NATURE OF THE ACTION

10.     This is a national consumer class action for violations of state consumer protection, unfair and unlawful competition, and false advertising laws, common-law breach of warranties, negligent misrepresentation, and fraud by omission.

11.     Defendants manufacture, label, distribute, advertise, and sell a wide variety of flavored drink mixes under the "Crystal Light" brand.

12.     Defendant Kraft Heinz owns the Crystal Light brand of products.

13.     This line of flavored drink mixes includes but is not limited to, "Classics," "Tea," "With Caffeine," "Pure," and "Crystal Light on the Go."

14.     Crystal Light products come in liquid or powdered form.

15.     Defendants sell Crystal Light varieties separately and in multi-packs of various quantities and flavors.

16.     Defendants label their Crystal Light drink mixes as if they are solely naturally flavored.

17.     At least 17 Crystal Light varieties listed below (the "Products"), however, contain an undisclosed artificial flavor:

    a.     Acai Berry Bliss

    b.     Berry Sangria

    c.     Black Cherry Lime

    d.     Blueberry Raspberry

e.     Grape ("Pure")

f.     Mango Passionfruit

g.     Peach Iced Tea

h.     Peach Mango Green Tea

i.     Pomegranate Green Tea

j.     Raspberry Green Tea

k.     Raspberry Ice

l.     Raspberry Iced Tea

m.     Strawberry Kiwi ("Pure")

n.     Strawberry Pineapple

o.     Tropical Blend ("Pure")

p.     Tropical Coconut

q.     Tropical Paradise Punch

18.    Defendants sell the Products through a variety of "brick and mortar" and online retailers across the United States including but not limited to Albertsons, Vons, Ralphs, Safeway, Rite Aid, Staples, Target, Walmart, and Amazon.com.

19.    The Products' front-of-package labels expressly claim that they are flavored with "Natural flavor" or "Natural flavor with other natural flavor" alongside the names and pictorial representations of fruits and berries.

20.    The Products' labels omit all the required artificial-flavor disclosures.

21.    Defendants' on-line advertising is equally misleading.

22.    Defendants' websites expressly as well as implicitly represent that the Products contain only natural flavors.

23.    None of Defendants' on-line advertising discloses that any of the Products contain artificial flavoring agents.

CLASS ACTION COMPLAINT

24.     None of Defendants' marketing on viewed social media discloses that any of the Products contain artificial flavors.[1]

25.     Defendants intentionally conceal from consumers the fact that these Products contain artificial flavoring chemicals that simulate the advertised natural flavors.

26.     Because these labels conceal the fact that the Products are made with artificial flavors, that labeling is false and misleading and the Products are misbranded under federal and state law.

27.     Defendants intend that the packaging, labeling, and advertising scheme for the Products give consumers the false impression that they are buying a premium all-natural product instead of a product that is artificially flavored.

28.     Plaintiff, who purchased the Products multiple times and was deceived by Defendants' unlawful conduct, brings this action on her own behalf and on behalf of consumers nationwide to remedy Defendants' unlawful acts.

29.     On behalf of the Class and Subclass as defined herein, Plaintiff seeks an order compelling Defendants to, *inter alia*: (1) cease packaging, distributing, advertising, and selling the Products in violation of state consumer protection laws; (2) inform consumers regarding the Products' misbranding; (3) award Plaintiff and the other Class members restitution, actual damages, and punitive damages; and (4) pay all costs of suit, expenses, and attorney fees.

## III.     PARTIES

30.     Defendant Kraft Heinz is incorporated in Delaware.

31.     Kraft Heinz states in federal court filings that the corporation is co-headquartered in Illinois and Pennsylvania.

32.     Defendant Kraft Heinz maintains a headquarters at 200 E. Randoph Street, Suite #7600, Chicago, IL  60601.

33.     Kraft Heinz states that it maintains a second headquarters at One PPG Place

---

[1] *See, e.g.,* www.facebook.com/crystallight.

Suite 3200, Pittsburgh, PA 15222.

34.     Defendant Kraft Heinz Foods is a subsidiary of Defendant Kraft Heinz.

35.     Kraft Heinz Foods is incorporated in Delaware.

36.     Kraft Heinz Foods has its corporate headquarters at 200 E. Randolph Street, Chicago, Illinois.

37.     Kraft Heinz Foods lists a second headquarters at 1 PPG Place, Suite 3400, Pittsburgh, PA 15222.

38.     Kraft Heinz Foods is registered with the Illinois Secretary of State under business entity number 06356486 and with the California Secretary of State under business entity number 201721010205.

39.     Defendants manufacture, label, advertise, market, distribute, and sell the Products in Illinois, California, Pennsylvania, and throughout the United States.

40.     Plaintiff is a resident and citizen of California and purchased one or more of the Products multiple times during the proposed Class Period in Contra Costa County, California, for personal and household consumption.

## IV.     FACTUAL ALLEGATIONS

### A.     Defendants Do Not Disclose That Their Products Are Artificially Flavored.

41.     At least seventeen of Defendants' Crystal Light drink mix varieties (the "Products") contain an undisclosed artificial flavor, dl-malic acid.

42.     Artificial dl-malic acid is the first or second ingredient listed after water in eight of the Products' ingredient lists.

43.     A commercial food-industry analytical testing lab confirmed that the "malic acid" in the Products is the artificial compound dl-malic acid.

44.     The Products' front labels display the names and pictures of each Products' identified fruits or berries or both.

45.     The Products' front-of-package labels also expressly claim that they are flavored with "Natural flavor" or "Natural flavor with other natural flavor".

46.      These label representations convey to consumers that the Products are made

exclusively from and flavored only with natural fruits and berries and natural fruit and berry flavors.

47. None of the Products or Products' packaging include on either the front or back labels any indication that the Products contain artificial flavoring chemicals.

48. The Products omit all the legally required disclosures.

49. The malic acid Defendants add to the Products is not a natural flavoring as defined by federal regulations and state law; it is a synthetic chemical manufactured in factories from petroleum feedstocks.

50. Because the Products contain added artificial flavoring ingredients that simulate and reinforce the Products' characterizing fruit and berry flavors, the Products' front labels are required by law to disclose the presence of those additional flavorings.

51. The Products' labeling omits the "Artificial Flavor" or "Artificially Flavored" label statement required by federal regulations and state laws.

52. Representative front label images for individual Products are provided below, from left to right, for the Crystal Light "Blueberry Raspberry," "Mango Passionfruit," "Strawberry Pineapple," and "Tropical Coconut" varieties:

   

53. These Products' front labels fail to disclose that the Products contain artificial flavor while falsely conveying that the Products are "Naturally Flavored."

54. Representative back label images for these same Products are provided below, from left to right, for Crystal Light "Blueberry Raspberry," "Mango Passionfruit," "Strawberry Pineapple," and "Tropical Coconut" varieties:

CLASS ACTION COMPLAINT

   

55.     None of the Products' ingredient lists disclose the presence of artificial flavoring.

56.     The front label, back label, and list of ingredients and nutritional facts for the "Pure" Tropical Blend variety are provide below, from left to right:

  

57.     The packaging and labeling for the "Pure Topical Blend" variety expressly represents that its "FLAVOR [is] SOURCED FROM Passion fruit, blackberry, orange and other natural favors" and the front label warrants that the Product is made with only "NATURAL FLAVOR WITH OTHER NATURAL FLAVOR" and contains "NO ARTIFICIAL [flavors]."

58.     Defendants make the following representations about their Products   on their

7

"crystallight.com" website:



59.    Defendants represent and warrant that the "Pure" Products are made "[w]ith no artificial sweeteners, flavors, or preservatives . . . ."

60.    Defendants further employ the term "Pure" to induce customers into believing that this and other "Pure" Products are not adulterated with artificial flavoring or other artificial ingredients.

61.    The "malic acid" included in "Pure" Tropical Blend and the other Products, however, is the artificial flavoring ingredient dl-malic acid.

62.    Under federal regulation and state law, a product's ingredient list is required to disclose the presence of artificial flavorings.

63.    Neither the individual Products' front labels nor the Products' variety pack labels include the required artificial-flavor disclosures.

64.    The Products' ingredient lists also fail to identify the malic acid in the Products as an artificial flavor as required by federal regulations and state law.

65.    The malic acid Defendants add to the Products is a manufactured petrochemical called dl-malic acid which is synthesized from benzene or butane.[2]

66.    The dl-malic acid Defendants add to the Products does not occur in nature.

67.    None of the Products' labeling informs consumers, as required by federal

_____

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

CLASS ACTION COMPLAINT

regulations and state law, that the Products contain artificial flavor.

68.    Federal regulations and state consumer protection laws require all food products that contain artificial flavor to disclose this fact to consumers prominently on both the front and back labels.

69.    Defendants deceptively fail to do so, misleading consumers to believe that all these Products are naturally flavored when in fact they contain artificial flavoring.

70.    Defendants' on-line advertising is equally misleading.

71.    Defendants advertise the Products through web outlets and social media as only containing natural flavors and containing no artificial flavoring.

72.    These statements are unlawful under both federal regulations and state law.

73.    Defendants are sophisticated manufacturers, marketers, and distributors of a wide variety of foods, beverages, and ingredients.

74.    Food ingredient suppliers offer both the natural and artificial versions of the flavoring ingredient malic acid.

75.    Defendants chose to purchase and add the artificial version of malic acid to the Products but deceptively label them as if they contained the natural compound instead.

76.    Defendants, as sophisticated actors in the food and beverage industry, made a conscious choice not to label the Products in accordance with federal regulations and state statutory and common law requirements.

77.    Defendants knew or should have known that the Products are mislabeled and misbranded.

78.    Defendants willfully conceal from consumers, through the Products' mislabeling and misleading marketing, the material fact that the Products are artificially flavored.

**B.    Federal Regulations and State Law Require Defendants to Disclose the Artificial Flavor dl-Malic Acid in the Products.**

79.    An artificial flavor is "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible

yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." 21 CFR 101.22(a)(1).

80. The dl-malic acid that Defendants put in these Products is derived from petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material. . . ."

81. The dl-malic acid in the Products provides the characterizing tart flavor of fruits and berries listed on the Products' front labels.

82. The malic acid that Defendants put in the Products is therefore an artificial flavor under federal regulations and state law.

83. Both the natural form and the artificial form of malic acid are considered "GRAS" – Generally Regarded as Safe – under U.S. food labeling laws.

84. The artificial form, dl-malic acid, however, has not been extensively tested for safety in food.

85. Because the Products contain an artificial flavor, federal regulations and state laws require the Products to display both front- and back-label disclosures to inform consumers that they are artificially flavored.

86. The Products' labeling shows none of the required disclosures.

87. The Products therefore violate federal regulations and state consumer protection laws.

88. U.S. Food, Drug, and Cosmetic Act regulations further require that a food's label accurately describe the food product, its characterizing flavors, and all ingredients. *See*, 21 C.F.R. 102.5(a).

89. Under federal regulations, any recognizable primary flavor identified on the front label of a food Product is referred to as a "characterizing flavor."

90. Federal regulations hold that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". *See* 21 C.F.R. 101.22(i).

91.     All of the fruits and berries listed and depicted on the Products' front-labels are primary recognizable flavors and are therefore characterizing flavors.

92.     If a product's characterizing flavor is not created exclusively by the named flavor ingredient, the product's front label must state that the product contains either natural or artificial flavorings or both.

93.     If any artificial flavor "simulates, resembles or reinforces" the characterizing flavor in the product, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. 101.22(i) (3), (4).

94.     Federal regulations at 21 C.F.R. 101.22(c) require all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

95.     A food product's label must also include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . . and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

96.     Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice.

97.     The Products' labels do not include any of the required label statements.

98.     The Products' labels therefore violate federal regulations and Illinois, California, and Pennsylvania state laws as well as similar laws of other states.

99.     Illinois law prohibits businesses from engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce to include making unlawful the employment of deception and misrepresentation in advertising and labeling of products and the concealment, suppression, or omission of

11
CLASS ACTION COMPLAINT

material facts regarding products.

100.   The Illinois Food Drug and Cosmetic Act (410 ILCS 620/11) also requires Defendants to place on the Products' labels a notice to inform consumers that the Products contain artificial flavoring.

101.   California law prohibits corporations and other entities from making untrue or misleading statements about goods, engaging in unethical practices injurious to California residents or competing corporations and other entities, and from violating FDA and other federal regulations and the laws of other states regarding consumer protections.

102.   Pennsylvania law prohibits businesses from engaging in unfair methods of competition and unfair or deceptive acts or practices when engaging in trade and commerce to include making unlawful representations that goods have ingredients, characteristics, benefits, or qualities they do not have and engaging in any deceptive conduct likely to create confusion and misunderstandings to the detriment of consumers.

103.   Defendants were required to place prominently on the Products' front labels a notice sufficient in detail and prominence to allow consumers to understand that the Products contain artificial flavorings.

104.   Defendants failed to disclose in their labels that the Products contain artificial flavors.

105.   Defendants failed to label accurately the Products, deceiving consumers and violating federal regulations and the state laws of Illinois, California, Pennsylvania, and the laws of other states.

106.   Other states' laws similarly require that food product labels must disclose the presence of artificial flavoring and be accurate and complete and not misleading.

107.   The Products are therefore misbranded and illegal to distribute or sell in commerce in Illinois, California, Pennsylvania, and anywhere in the U.S.

108.   Plaintiff was unaware that the Products contained artificial flavors when they purchased them.

109.   When purchasing the Products, Plaintiff was seeking products of particular qualities, specifically products that are flavored only with the natural ingredients claimed on the labels and that did not contain artificial flavors.

110.   Plaintiff is not alone in her consumer preferences. Forbes Magazine reported that 88% of consumers polled indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[3]

111.   Defendants' marketing of the Products reflects this knowledge of consumer preferences for natural products – not by making the Products only with natural ingredients as advertised but instead by concealing that the Products contain artificial flavors.

112.   Plaintiff lost money as a proximate result of Defendant's conduct because she unknowingly purchased Products that contained undisclosed and undesirable artificial flavors at a price premium.

### C.    Defendants' Competitors Label Their Products Lawfully.

113.   Defendants not only deceive consumers but also gain an unfair commercial advantage in the marketplace by labeling the Products deceptively.

114.   Other manufacturers of competing flavored drink mix and beverage products label their products lawfully.

115.   Other manufacturers of artificially flavored drink mix products, for example, accurately and lawfully label their products as "Artificially Flavored."

116.   Other competing manufacturers, offering products whose labels suggest as Defendants do that their products are naturally flavored, truly make their products only with natural ingredients.

---

[3] "Consumers Want Healthy Foods--And Will Pay More For Them"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; last visited November 3, 2021.

117. Defendants, however, conceal the use of artificial flavoring, thus deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace.

118. Defendants' conduct injures competing manufacturers that do not engage in the same illegal behavior. Those manufacturers compete for limited store shelf space and market share. Defendants' competitors do so lawfully; Defendants do not.

**D.    Plaintiff and the Class Pay a Price Premium for Defendants' Misbranded Products.**

119. Plaintiff purchased several of the Products in California during the Class Period as defined herein.

120. During that time Plaintiff purchased, among others, the Acai Berry Bliss, Black Cherry Lime, Mango Passionfruit, Raspberry Ice, and Strawberry Kiwi flavors of the Products, at retail stores located in and around Brentwood, California, most recently in December 2020 at the Target store located at 5769 Lone Tree Way, Antioch, California.

121. Plaintiff purchased the Products at the marked retail prices, typically at average unit prices, sold individually and in variety packs, ranging from $2.75 to $4.99, and from time to time at other promotional prices.

122. Plaintiff was deceived by and relied upon the Products' deceptive labeling, and specifically Defendants' omission of the fact that the Products contained artificial flavorings. Plaintiff purchased the Products believing they were naturally flavored, based on the Products' deceptive labeling and failure to disclose the artificially flavoring.

123. Plaintiff first discovered Defendants' unlawful conduct described herein in late 2021, when she learned that the Products' characterizing flavors were deceptively simulated using artificial flavoring even though Defendants failed to disclose that fact on the Products' labels.

124. Plaintiff, as a reasonable consumer, was not required to subject consumer beverage and food products to laboratory analysis, to scrutinize the back of the label to discover that the Products' front labels are false and misleading, or to independently

14

research information that state law and federal regulations require be displayed prominently on front labels.

125. Defendants, but not Plaintiff, knew or should have known that the Products' labeling was false and in violation of federal regulations and state laws.

126. Because Plaintiff reasonably assumed the Products to be free of artificial flavoring based on the Products' labels, when they were not, she did not receive the full benefit of their purchases. Instead of receiving products free of artificial flavoring, Plaintiff received Products that were labeled to deceive consumers into believing that they were exclusively naturally flavored and contained no artificial flavoring, in violation of federal and state labeling laws and regulations.

127. Plaintiff and the Class would not have purchased the Products in the absence of Defendants' misrepresentations and omissions. Had Defendants not violated state laws and federal regulations, Plaintiff and the Class would not have been injured.

128. Products that consumers believe to be naturally flavored sell at a price premium compared to products that contain artificial flavors.

129. Both Plaintiff and the Class members would not have paid as much for the Products absent Defendants' false and misleading statements and omissions.

130. The Products were therefore worth less to Plaintiff and other Class members than they paid for them.

131. Defendants' unlawful and deceptive labeling practices and knowing and willful omissions caused Plaintiff and the Class to lose money. Plaintiff and each Class member altered their financial positions to their detriment and suffered losses equal to the price premium they paid believing the products contained no artificial flavors.

132. Plaintiff intends to, desires to, and will purchase the Products again when she can do so with the assurance that the Products' labels are lawful and consistent with the Products' ingredients.

133.   Because human memory is imperfect, Plaintiff may mistakenly purchase the Products again in the future without realizing that those Products still contain artificial flavoring and are still falsely labeled and advertised.

## V.        DELAYED DISCOVERY

134.   Plaintiff did not discover that Defendants' labeling of the Products was false and misleading until 2021 when she learned the Products contained undisclosed artificial flavoring.

135.   Plaintiff is a reasonably diligent consumer who exercised reasonable diligence in her purchases and consumption of the Products. Nevertheless, she would not have been able to discover Defendants' deceptive practices and lacked the means to discover them given that, like nearly all consumers, she relies on and is entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendants' deceptive labeling practices and non-disclosures— failing to correctly disclose the artificial flavoring ingredient or to accurately identify the kind of malic acid used in the Products—impeded Plaintiff's and the Class members' abilities to discover the deceptive labeling of the Products throughout the Class Period.

136.   Because Defendants actively concealed the illegal conduct, preventing Plaintiff and the Class from discovering the violations of state law and federal regulations, Plaintiff and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statutes of limitations.

## VI.        CLASS ACTION ALLEGATIONS

137.   Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

138.   The Class is defined as follows:

> All U.S. citizens who purchased the Products in the United States on or after January 1, 2016 and until the date the Class is certified by the Court, excluding Defendants and Defendants' officers, directors, employees, agents, and affiliates, and the Court and its staff.

16

139. The Plaintiff also represents a proposed California Sub-Class.

140. The proposed California Sub-Class is defined as follows:

> All California residents who purchased the Products in California on or after January 1, 2016 and until the date the Sub-Class is certified by the Court, excluding Defendants and Defendants' officers, directors, employees, agents, and affiliates, and the Court and its staff.

141. During the Class Period, the Products unlawfully contained the undisclosed artificial flavor dl-malic acid and were otherwise improperly labeled. Defendants failed to label the Products to disclose the presence of artificial flavorings as required by federal and state law.

142. During the Class Period, Class members purchased one or more of the Products and incurred the same injuries as alleged herein for the Plaintiff.

143. The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation, and there is a well-defined community of interest in questions of law and fact common to the proposed Class.

144. The proposed Class satisfies numerosity. Defendants distribute the Products through numerous retailers such as Walmart, Ralphs, Vons, Safeway, Staples, Albertsons, Target, Amazon, and Instacart; the Class numbers at least in the tens of thousands of consumers. Individual joinder of the Class members in this action is impractical. Addressing the Class members' claims through this class action will benefit Class members, the parties, and the courts.

145. The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result.

146. The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase price which is generally under $5.00 per

17

unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims. If this action is not brought as a class action, Defendants can continue to deceive consumers, unfairly compete with other companies, and violate federal regulations and state law with impunity.

147. Because Defendants made misrepresentations on the labels of the Products themselves, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations.

148. The proposed Class representatives satisfy adequacy of representation. The Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests incompatible with those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

149. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

150. Questions of law and fact common to Plaintiff and the Class include:

      a.    Whether Defendants failed to disclose the presence of an artificial flavoring ingredient in the Products;

      b.    Whether Defendants violated U.S. Food and Drug Administration labeling regulations and corresponding state law;

      c.    Whether Defendants' labeling omissions and representations constituted false advertising under state law and federal regulations;

      d.    Whether Defendants' conduct constituted violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§1750 *et seq.*

      e.    Whether Defendants' conduct constituted violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*

      f.    Whether Defendants' conduct constituted violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

18

g. Whether Defendants' conduct constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

h. Whether Defendants' conduct constituted violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 209, *et seq.*

i. Whether Defendants' conduct constituted violations of other states' consumer protection statutes;

j. Whether Defendants' conduct constituted violations of state common-law consumer protection and unfair competition statutes;

k. Whether Defendants' advertising and label statements and depictions describing natural fruit and berry flavors were an affirmative representation of the Products' composition creating an express warranty;

l. Whether Defendants' conduct constitutes a breach of implied warranties under state statutes and common law;

m. Whether Defendants' conduct constitutes negligent misrepresentation;

n. Whether Defendants' conduct constitutes fraud by omission;

o. Whether the statute of limitations should be tolled on behalf of the Class due to Defendants' deceptive conduct in concealing the presence of artificial flavoring ingredients in the Products;

p. Whether Plaintiff and the Class are entitled to restitution, rescission, actual damages, punitive damages, attorneys' fees and costs of suit, and injunctive relief; and

q. Whether Plaintiff and the Class are entitled to any such further relief as the Court deems appropriate.

151. Class members lost money as a result of Defendants' unlawful behavior.

CLASS ACTION COMPLAINT

152.    Class members altered their financial positions to their detriment and suffered individual loss in an amount equal to the price or the price premium they paid for the Products as falsely labeled and advertised.

153.    Further, Defendants have acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

154.    Class treatment is therefore appropriate for this Action.

## VII.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION:

### Violation of the Consumers Legal Remedies Act ("CLRA")

### Cal. Civ. Code §§ 1750, *et seq.* (on behalf of the California Sub-Class)

155.    Plaintiff realleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

156.    The CLRA prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

157.    Plaintiff and the California Sub-Class are "consumers" as defined by Cal. Civ. Code §1761(d).

158.    The Products are "goods" as defined by Cal. Civ. Code §1761.

159.    Defendants' failure to label the Products in accord with federal and state labeling regulations and laws, omitting the required information that the Products contain artificial flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

160.    Defendants' conduct violates the Consumer Legal Remedies Act.

161.    As a result of Defendants' violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premiums they paid for the unlawfully labeled and marketed Products, which they would not have paid had Defendants labeled the Products in accordance with federal regulations and California law, and in the form of the reduced value of the Products purchased compared to their market value as falsely labeled,

20

advertised, and warranted.

162.   On or about July 15, 2022 Plaintiff sent a notice letter to Defendants which complies with California Civil Code § 1782 (a). Plaintiff sent Defendants, individually and on behalf of the proposed Class, a letter via Certified Mail, demanding that Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and giving notice to all affected customers of their intent to do so.

163.   As of the filing of this Complaint Defendants have failed to agree to Plaintiffs' demands and has failed to give notice to all affected consumers, as required by California Civil Code Section 1782.

## SECOND CAUSE OF ACTION:

### Violation of the Unfair Competition Law ("UCL"), Unlawful Prong

### Cal. Bus. & Prof. Code §§ 17200, *et seq.* (on behalf of the California Sub-Class)

164.   Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint, as if fully set forth herein.

165.   The UCL prohibits any "unlawful," "unfair" or "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or practice."

166.   The UCL recognizes violations of other federal regulations and state laws and statutes and considers those violations also to constitute violations of California law when the violations occur in California.

167.   Defendants' practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, federal regulations and California's Sherman Law.

168.   Among other violations, Defendants' conduct in unlawfully distributing the Products in commerce in California violated U.S. FDA packaging and labeling regulations.

169.   The Products' front labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 CFR § 101.22 and California's Sherman Law and are therefore misbranded.

170.   The Products contain artificial dl-malic acid.

171. The dl-malic acid is an artificial flavoring material and is included in the Products to create, simulate, and reinforce the Products' characterizing fruit and berry flavors.

172. The dl-malic acid in the Products is not derived from any natural material as defined in 21 CFR § 101.22, and is therefore an artificial flavor.

173. Defendants failed to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law, and distributed the Products in interstate commerce and in California.

174. Defendants' practices are therefore unlawful as defined in Section 17200, *et seq.*, of the California Civil Code.

175. Pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unfair and deceptive business practices and requiring Defendants to return the full amount of money improperly collected to all those who purchased the Products.

### THIRD CAUSE OF ACTION:

**Violations of the Unfair Competition Law ("UCL"), Unfair Prong**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.* (on behalf of the California Sub-Class)**

176. Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

177. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendants' practices violate the Unfair Competition Law "unfair" prong as well as well as the "unlawful" prong

178. The Defendants' practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendants does not outweigh the gravity of the harm to consumers.

179. Defendants' distribution of misbranded Products in violation of federal

22

regulations and state law may have some utility to Defendants because it allowed Defendants to sell the Products to consumers who otherwise would not purchase an artificially-flavored beverage or drink mix product at the retail price or at all if it were labeled correctly, and to realize higher profit margins than if the Products were formulated or labeled lawfully. But this utility is small and is far outweighed by the gravity of the harm Defendants inflicted upon consumers in California and across the United States.

180. Defendants' conduct also injures competing food product manufacturers, distributors, and sellers who do not engage in the same prohibited business behaviors.

181. Moreover, Defendants' practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

182. Plaintiff's and the California Sub-Class members' purchases of the Products took place in California.

183. Defendants labeled the Products in violation of federal regulations and California law requiring truth in labeling.

184. Defendants consciously failed to disclose material facts to Plaintiff and the California Sub-Class in Defendants' advertising and marketing of the Products.

185. Defendants' conduct is unconscionable because in addition to an egregious breach of consumer trust, Defendants willfully violated 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include a "statement of artificial flavoring . . . likely to be read by the ordinary person under customary conditions of purchase and use of such food."

186. Defendants' conduct is "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22, which requires all food products distributed in commerce in the U.S. for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

187. Defendants intended that Plaintiff and the Sub-Class rely on Defendants' acts or omissions so that Plaintiff and the other Sub-Class members would purchase the

23

Products.

188. Had Defendants disclosed all material information regarding the Products in their labeling and marketing, Plaintiff and the Sub-Class would not have purchased the Products or would have paid less for the Products.

189. Plaintiff and the California Sub-Class suffered injury in fact and lost money or property as a result of Defendants' deceptive advertising and labeling: they were denied the benefit of the bargain when they purchased the Products based on Defendants' violation of the applicable laws and regulations, and purchased the Products rather than competitors' products which are lawfully labeled, and are either less expensive or contain no artificial flavoring.

190. Plaintiff and the Sub-Class suffered an ascertainable loss of money. Defendants' acts, omissions and practices detailed herein proximately caused Plaintiff and other members of the Sub-Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

191. Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

192. Pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of money improperly collected from Plaintiff and the California Sub-Class.

## FOURTH CAUSE OF ACTION:

### Violations of False Advertising Law ("FAL")

### Cal. Bus. & Prof. Code §§ 17500, *et seq*. (on behalf of the California Sub-class)

193. Plaintiff realleges and incorporates by reference each and every allegation

24

contained elsewhere in this Complaint as if fully set forth herein.

194. Defendants distributed in California and in interstate commerce Products that fail to disclose artificial flavoring on their labeling and packaging as required by federal regulations and state laws.

195. The Products' labeling and marketing in California falsely represent the Products as if they were solely naturally flavored.

196. Under California's False Advertising Law, Business and Professions Code §17500 *et seq*,

> "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code §17500.

197. The labeling and advertising statements on the Products conceal from consumers the material fact that the Products contain a synthetic artificial flavor and Defendants knew, or at a minimum by the exercise of reasonable care should have known, that their labeling and marketing were false, deceptive, and misleading.

198. Defendants profited from the false advertising displayed on the Products' labels and packaging when Plaintiff and Class members purchased the Products.

199. Defendants' conduct violates California's False Advertising Law. Plaintiff and the California Sub-Class are therefore entitled to the return of money improperly collected from all those who were exposed to the above-described false advertising and who purchased the Products when they otherwise would not have or who paid a price premium for the falsely advertised Products.

**FIFTH CAUSE OF ACTION:**

**Violations of Illinois Consumer Fraud and Deceptive Business Practices Act**

**815 ILCS § 505/1,2**

200. Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

201. Defendants' conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

202. Section 2 of the ICFA declares unlawful "any [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, suppression, or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived, or damaged thereby."

203. Defendants' actions alleged herein violated ICFA.

204. Defendants committed multiple deceptive acts or practices regarding the labeling and representations of the Products.

205. Defendants committed deceptive acts or practices while engaged in the course of trade or commerce.

206. Defendants intended that Plaintiff and the Class rely on that deception.

207. Plaintiff and the Class did rely on that deception when purchasing the Products.

208. Plaintiff and the Class suffered damages as result of Defendants' deceptive and unfair acts or practices associated with marketing and labeling the Products.

209. Defendants violated the ICFA by engaging in unfair and/or deceptive practices, including, but not limited to, the misrepresentation, concealment, suppression, or omission of material facts, while participating in trade or commerce with the knowledge and/or intent that the State of Illinois and Illinois citizens and others would rely on their deceptive conduct.

210. As sophisticated actors in the market, Defendants knew or should have known

26

that Plaintiff, Class members, and other consumers are susceptible to deception in product labeling and marketing.

211. In so doing, Defendants acted with reckless disregard meriting an award of punitive damages.

212. Defendants intended that Plaintiff and each of the other members of the Class would rely upon their deceptive conduct, and a reasonable consumer would in fact be misled by Defendants' deceptive marketing and labeling.

213. Had Defendants disclosed the true nature of its Products, Plaintiff and the Class would not have purchased the Products or would have paid substantially less for the Products.

214. As a result of Defendants' employment of unfair and deceptive acts or business practices, Plaintiff and the Class sustained damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION:

**Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. Stat. § 201 *et seq***

215. Plaintiff realleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

216. Defendants' conduct violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "CPL").

217. §201-3 of the CPL declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ."

218. The CPL provides for private consumer actions. Under §201-9.2: (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person[al], as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its

27

discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to plaintiffs, in addition to other relief provided in this section, costs and reasonable attorney fees.

219. Plaintiff and members of the Class are persons as defined in the CPL.

220. Plaintiff and the Class purchased the Products primarily for personal, family or household purposes.

221. Defendants' conduct constitutes "trade" and "commerce" within the meaning of the CPL, by advertising, offering for sale, distributing, and selling the Products.

222. Defendants deceptively represented that the Products had ingredients, benefits, or qualities that they did not have because they contained undisclosed artificial flavoring.

223. Defendants deceptively represented that the Products contained only natural flavors when in fact they contained artificial flavoring.

224. Defendants engaged in deceptive conduct which created a likelihood of confusion or misunderstanding on the part of Plaintiff and the Class regarding the qualities, grade, ingredients, characteristics, and benefits of the Products.

225. Defendants made misrepresentations that had the tendency or capacity to mislead Plaintiff and the Class regarding the Products.

226. Defendants employed unfair methods of competition when misrepresenting that its products contained only natural flavors.

227. Plaintiff and the Class justifiably relied, to their financial detriment, on Defendants' unfair and deceptive business practices when they purchased the Products.

228. Plaintiff and the Class reasonably relied on Defendants' unfair and deceptive business practices because they reasonably believed Defendants had specialized skill, knowledge, and experience regarding what constitutes natural and artificial flavors in the Products.

CLASS ACTION COMPLAINT

229.   Defendants were in a significantly better position than Plaintiff and the Class to determine if Defendants' representations might be or actually were deceptive.

230.   Defendants willfully used methods, acts, or practices declared unlawful by the CPL.

231.   Plaintiff and the Class suffered ascertainable loss of money as the result of Defendants employing methods, acts, and practices declared unlawful by the CPL because they would not have bought or would have paid less money for the Products but for Defendants' deceptive and unfair marketing and labeling.

## SEVENTH CAUSE OF ACTION:

### Breach of Express Warranties

### Cal. Comm. Code § 2313 & similar state laws

### (on behalf of the California Sub-Class and all states with substantially similar laws)

232.   Plaintiff realleges and incorporates by reference the allegations found elsewhere in the Complaint as if set forth in full herein.

233.   The Products' front labels misleadingly convey to the consumer that the Products are flavored only with the listed characterizing flavors.

234.   Several of the Products' front labels and packaging expressly warrant in clear and prominent language that they contain only "NATURAL FLAVOR WITH OTHER NATURAL FLAVOR."

235.   The Products' front labels also fail to disclose the use of artificial flavoring "immediately and conspicuously preced[ing] or follow[ing]" the names of the characterizing flavors, as required by law. *See* 21 C.F.R. 101.22(i)(3).

236.   Defendants' failure to disclose the use of artificial flavoring on the Products' front labels informs consumers that the Products do not contain artificial flavors.

237.   The Products' front labels falsely warrant that the Products are flavored only with the listed or depicted fruits and berries.

238.   Defendants' affirmations of fact, promises, and warranties that the Products

29

contained only natural flavors became part of the basis of the bargain between the parties and thus constituted express warranties.

239.   The Products did not conform to Defendants' affirmations of fact, promises, and warranties because they contain artificial flavors.

240.   Defendants breached their express warranties that the Products contained only natural flavors.

241.   Defendants sold the goods to Plaintiff, the California Sub-Class, and other U.S. consumers who bought the goods from Defendants.

242.   As a result, Plaintiff, the California Sub-Class, and other U.S. consumers did not receive goods as warranted by Defendants.

243.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic flavoring ingredients, Plaintiff notified Defendants of their breach of warranties.

244.   As a proximate result of this breach of express warranties, Defendants damaged Plaintiff, the California Sub-Class, and other U.S. consumers in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION:

### Breach of Implied Warranties

### Cal. Comm. Code § 2314 & similar state laws

### (on behalf of the California Sub-Class and all states with substantially similar laws)

245.   Plaintiff realleges and incorporates all of the allegations elsewhere in the complaint as if set forth in full herein.

246.   Defendants' label representations also create implied warranties that the Products are suitable for a particular purpose, specifically as natural drink mixes containing no artificial flavors. Defendants breached this warranty as well.

247.   Because the Products do not contain an "artificially flavored" disclosure as required by law, the Products' front labels misleadingly imply that the Products are not flavored with artificial flavoring ingredients and are flavored solely with the natural

30

ingredients comprising the characterizing flavors.

248.    As alleged in detail above, at the time of purchase Defendants had reason to know that Plaintiff as well as all members of the California Sub-Class and other U.S. consumers intended to use the Products as products that did not contain artificial flavoring.

249.    This became part of the basis of the bargain between the parties.

250.    Based on that implied warranty, Defendants sold the goods to Plaintiff and other Class members who bought the goods from Defendants.

251.    At the time of purchase, Defendants knew or had reason to know that Plaintiff, the California Sub-Class members, and other U.S. consumers were relying on Defendants' skill and judgment to select or furnish products that were suitable for this particular purpose, and Plaintiff justifiably relied on Defendants' skill, judgment, and adherence to good faith and fair dealing practices.

252.    The Products were not suitable for this purpose.

253.    Plaintiff, the California Sub-Class, and other U.S. consumers purchased the Products reasonably believing they had the qualities Plaintiff sought, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiff and the other Class members for the reasons described herein.

254.    In addition, Defendants breached the implied warranty of merchantability. because the Products were not merchantable in California, or anywhere in the United States as they were not of the same quality as other products in the category generally acceptable in the trade.

255.    The Products would not pass without objection in the trade when packaged with their existing labels because the Products were misbranded and illegal to sell in California or elsewhere. *See* Cal. Comm. Code 2314(2)(a).

256.    Defendants breached the implied warranty of merchantability.

257.    The Products also were not acceptable commercially and breached their implied warranty because they were not adequately packaged and labeled as required. *See*, *e.g.,* Cal. Comm. Code 2314(2)(e).

258.   The Products also were not acceptable commercially and breached their implied warranty because they did not conform to the promises or affirmations of fact made on the containers or labels, Cal. Comm. Code 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

259.   By offering the Products for sale and distributing the Products in California and other states, Defendants also warranted that the Products were not misbranded and were legal to sell as labeled.

260.   Because the Products were and are misbranded in several regards and therefore illegal to sell or offer for sale in California and elsewhere in the U.S., Defendants breached this warranty.

261.   As a result of this breach, Plaintiff, the California Sub-Class and other U.S. consumers did not receive goods as impliedly warranted by Defendants.

262.   Defendants' conduct violated similar state warranty laws in states other than California.

263.   Within a reasonable amount of time after the Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified Defendants of such breach.

264.   As a proximate result of Defendants' breach of warranty, Plaintiff and other California and other states' consumers have been damaged in an amount to be determined at trial.

265.   As a result, Plaintiff, the California Sub-Class, and other U.S. consumers are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## NINTH CAUSE OF ACTION:

### Negligent Misrepresentation

### Cal. Civ. Code §§ 1709-1710 and the common law of all states

### (on behalf of the Nationwide Class and the California Sub-Class)

266.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

CLASS ACTION COMPLAINT

267. Defendants had a duty to disclose to Plaintiff, the California Sub-Class, and other U.S. consumers its use of artificial flavoring ingredients on the front label of the Products pursuant to California law and federal regulations.

268. Defendants were in a superior position regarding expertise, access to manufacturing facilities and laboratory testing, and other relevant information such that reliance by Plaintiff, the California Sub-Class, and other U.S. consumers was justified.

269. Defendants possessed sophisticated knowledge of marketing and consumer preferences to realize the type of information that would influence consumer purchasing decisions.

270. During the Class Period, Defendants negligently or carelessly misrepresented, omitted, and concealed from Plaintiff, the Class, and other consumers material facts regarding the Products, specifically their artificial flavoring.

271. The label representations negligently misrepresented the Products as if they were exclusively naturally flavored.

272. Defendants were negligent in distributing Products labeled as if they were exclusively naturally flavored and in failing to market and otherwise represent the Products as artificially flavored.

273. Defendants represented the Products to Plaintiff, the California Sub-Class, and other U.S. consumers as solely naturally flavored as if this were true.

274. Defendants' representations were not true.

275. Defendants' Products are not exclusively naturally flavored but are instead artificially flavored as described herein.

276. Defendants failed to secure a reasonable basis for believing that the Products were naturally flavored at any time relevant to this action.

277. Defendants were careless in ascertaining the truth of its representations in that Defendants knew or should have known that Plaintiff, the California Sub-Class, and other U.S. consumers would not have discovered the use of artificial flavoring ingredients in the Products and were relying upon Defendants to truthfully reveal the Products' ingredients

33

to include the presence of any artificial flavoring.

278.  Defendants intended for Plaintiff, the California Sub-Class, and other U.S. consumers to rely on these false and misleading representations.

279.  Plaintiff, the California Sub-Class, and other U.S. consumers reasonably relied on these representations. They were unaware of Defendants' unlawful misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

280.  Defendants thereby harmed Plaintiff, the California Sub-Class, and other U.S. consumers as alleged herein.

281.  Plaintiff, the California Sub-Class, and other U.S. consumers would not have purchased the Products, or would have paid less for the Products, if they had known the true facts about the Products' flavoring.

282.  Plaintiff, the California Sub-Class, and other U.S. consumers' reliance on Defendants' misrepresentations and deceptions was a substantial factor in that harm.

283.  As a result, Plaintiff, the California Sub-Class, and other U.S. consumers are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## TENTH CAUSE OF ACTION:

### Fraud by Omission

### Cal Civ. Code §§ 1709-1710 and the common law of all states

### (on behalf of the Nationwide Class and the California Sub-Class)

284.  Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

285.  Plaintiff brings this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710 *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

286.  Defendants omitted material facts, in whole or in part, with the intent to induce

34

Plaintiff and the members of the Class, the California Sub-Class, and other U.S. consumers to purchase the Products and pay premium prices for the Products. Specifically, Defendants actively concealed the truth about the Products by failing to provide the legally required "artificially flavored" disclosure on the front label of the Products as is required by California law and federal regulations.

287.    Plaintiff, the Class, the California Sub-Class, and other U.S. consumers were unaware of this omitted material fact and would not have purchased the Products, or would have paid less for the Products, if they had known of the omitted fact.

288.    Plaintiff, the Class, the California Sub-Class, and other U.S. consumers suffered injuries that were proximately caused by Defendants' omissions of material facts.

289.    Defendants' omissions were a substantial factor in causing the harm suffered by Plaintiff, the Class, the California Sub-Class, and other U.S. consumers as they would not have purchased the Products at all, or would have paid less for the Products, if Defendants had disclosed all material facts.

290.    As a result, Plaintiff, the Class, the California Sub-Class, and other U.S. consumers are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated in California, and all others similarly situated in the U.S., prays for judgment against Kraft Heinz and Kraft Heinz Foods as follows:

A.    An order confirming that this action is properly maintainable as a class action as defined above, appointing Plaintiff and her undersigned counsel to represent the Class and the California Sub-Class, and requiring Defendants to bear the cost of class notice;

B.    An order declaring that the conduct complained of herein violates the California CLRA;

C.    An order declaring that the conduct complained of herein violates the

35

California UCL;

D.    An order declaring that the conduct complained of herein violates the California FAL;

E.    An order declaring that the conduct complained of herein violates the Illinois ICFA;

F.    An order declaring that the conduct complained of herein violates the Pennsylvania UTCPL and awarding "actual damages sustained or statutory damages of $100 per class member, whichever is greater, or, in the court's discretion, three times the actual damages sustained totaling no less than $100 per class member."

G.    An order declaring that the conduct complained of herein violates corresponding consumer protection laws in states other than Illinois, California, and Pennsylvania;

H.    An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

I.    An order requiring Defendants to disgorge any benefits received from Plaintiff and the Class and any unjust enrichment realized as a result of the misleading labeling, advertising, and marketing of the Products;

J.    An order requiring Defendants to pay restitution and any applicable damages to Plaintiff and Class members so that they may be restored any money which Defendants acquired by means of unfair, deceptive, unconscionable or negligent acts;

K.    An award to Plaintiff and the Classes of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

L.    An award of punitive damages in an amount to be proven at trial;

M.    An order enjoining Defendants' deceptive and unfair practices;

N.    An order requiring Defendants to conduct corrective advertising;

O.    An award of pre-judgment and post-judgment interest;

36

P.    An award of attorney fees and costs; and

Q.    Such other and further relief as this Court may deem just, equitable, or proper.

## IX.    JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

November 15, 2022                          Respectfully Submitted,

                                           **GLANCY PRONGAY & MURRAY LLP**

                                           By:  *s/ Marc L. Godino*
                                           Kevin F. Ruf (SBN 136901)
                                           Marc L. Godino (SBN 182689)
                                           1925 Century Park East, Suite 2100
                                           Los Angeles, CA 90067
                                           Telephone: (310) 201-9150
                                           Facsimile: (310) 201-9160
                                           Email: kruf@glancylaw.com
                                           Email: mgodino@glancylaw.com

                                           **ELLIOT LAW OFFICE PC**
                                           David Elliot (SBN 270381)
                                           Michael Dobbs (SBN 342582)
                                           2028 3rd Avenue
                                           San Diego, CA  92101
                                           Tel: (619) 468-4865

                                           *Attorneys for Plaintiff and the Proposed Class*