UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEGGY TATUM, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:23-cv-00073<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| THE KRAFT HEINZ COMPANY and KRAFT HEINZ FOODS COMPANY (LLC), | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**ORDER**

Plaintiff Peggy Tatum filed a ten-count complaint against Defendants the Kraft Heinz Company and Kraft Heinz Foods Company LLC (collectively "Kraft Heinz" or "Defendants"), alleging that Kraft Heinz intentionally labels its food products with false and misleading claims that the products contain no artificial flavors, even though they contain the artificial flavor known as malic acid. Kraft Heinz has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 24.) For the reasons outlined below, Defendants' motion to dismiss Plaintiffs' complaint is denied.

**Background**

Defendants manufacture, label, distribute, advertise, and sell a wide variety of flavored drink mixes under the "Crystal Light" brand. (Dkt. 1, ¶ 11.) This line of flavored drink mixes includes but is not limited to, "Classics," "Tea," "With Caffeine," "Pure," and "Crystal Light on the Go" (the "Products.") (*Id.* at ¶ 13.) Crystal Light products come in liquid or powdered form. (*Id.* at ¶ 14.) Defendants sell Crystal Light varieties separately and in multi-packs of various quantities and flavors. (*Id.* at ¶ 15.) The Products' front labels display the names and pictures of each Products' identified

1

fruits and/or berries. (*Id.* at ¶ 44.) The Products' front-of-package labels claim that they are flavored with "Natural flavor" or "Natural flavor with other natural flavor" (*Id.* at ¶ 45.) The Crystal Light Pure products contain a label which claims that they are made with "no artificial sweeteners, flavors, or preservatives." (*Id.* at ¶ 59.)

Plaintiff alleges that Defendants intentionally conceal from consumers the fact that these Products contain artificial flavoring chemicals that simulate the advertised natural flavors. (*Id.* at ¶ 25.) The alleged artificial flavoring at issue here is malic acid or dl-malic acid. (*Id.* at ¶¶ 42.) Artificial dl-malic acid, described as a flavoring agent, is the first or second ingredient listed after water in eight of the Products' ingredient lists. (*Id.*) Federal regulations describe the compound as, inter alia, a "flavoring agent." 21 C.F.R. 184.1069. As a flavoring agent the compound confers a "tart" taste to fruit-flavored Products. (Dkt. 1 at ¶ 81.) Plaintiff alleges that the dl-malic acid Defendants add to the Products is by federal regulation and state law an artificial flavor because it is a synthetic compound and "provides the characterizing tart flavor of the fruits and berries listed on the Products' front labels." (*Id.*)

Plaintiff claims that the Products' labeling, which fails to disclose the presence of artificial flavor, is unlawful, false and misleading. (*Id.* at ¶ 26.) Plaintiff further alleges that the Products' labeling is intended to give consumers the false impression that they are buying a premium all-natural product instead of a product that is artificially flavored. (*Id.* at ¶ 27.) Plaintiff contends that because she relied on Defendants' deceptive label, she was harmed because she paid more for the Products than she would have if she had known the truth of the Products' ingredients. (*Id.* at ¶ 129.)

Based on these actions, Plaintiff filed a punitive class action against Kraft Heinz, alleging that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201 et seq., multiple California consumer protection laws and statutes including the Consumer Legal

Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), state statutory and common law express and implied warranties, negligent misrepresentation, and fraud by omission (*Id.* at ¶¶ 147-279.) Defendants now move to dismiss all counts.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

A. <u>ICFA</u>

To state a claim under the ICFA, Plaintiff must allege four elements: (1) a deceptive act or practice; (2) an intent for the consumer to rely on the deception; (3) the occurrence of the deception during conduct involving trade or commerce; and (4) actual damage that was proximately caused by the deception. *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005). Deception under the ICFA is circularly defined as "[a] statement [that] creates a likelihood of deception or has the capacity to deceive." *People ex. rel Hartigan v. Knecht Servs., Inc.*, 216 Ill.App.3d 843, 857, 575 N.E.2d. 1378, 1387 (Ill. App. 1991); *see also Bober v. Glaxo Wellcome Plc.*, 246 F.3d 934, 938 (7th Cir. 2001). A reasonable consumer standard is used to determine if deception has occurred. *Beardsall v. CVS*

3

*Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). This standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (quoting *Beardsall*, 953 F.3d at 972–73).

Kraft Heinz argues that Plaintiff has not plausibly alleged that malic acid acts as an artificial flavor because under the regulations malic acid is neither "artificial", nor a "flavor." (Dkt 36, at 4-8.) Rather, the malic acid acts as a "flavor enhancer" (*Id.*)

Under Food and Drug Administration ("FDA") regulations, a food product must be labeled "artificial" or "artificially flavored" if it "contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor." 21 C.F.R. § 101.22(i)(2). FDA regulations recognize that malic acid can have a variety of functions, including as a flavor, a flavor enhancer, or a pH control agent. *Id.* § 184.1069(c). A "flavor" is "any substance, the function of which is to impart flavor." *Id.* § 101.22(a)(1). A "flavor enhancer," on the other hand, is a substance "added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11).

Plaintiff alleges that malic acid confers a "tart, fruity" flavor that "simulates, resembles, and reinforces" the Products' characterizing fruit and berry flavors. (Dkt 1, ¶¶ 41-43, 50, 81, 171). Kraft Heinz argues that Plaintiff's claim suggests that malic acid is a "flavor enhancer" which supplements the Products' fruity flavors given that malic acid cannot simultaneously taste like "Black Cherry Lime," "Mango Passion Fruit," Strawberry Pineapple," and the other 14 varieties of flavors at issue in this lawsuit. Further, the alleged "tart" taste is not the "primary recognizable flavor" of any of the Products, meaning it cannot be the "characterizing flavor." As Plaintiff notes, however, making a factual determination regarding whether malic acid is a flavor or a flavor enhancer is inappropriate at this stage of the litigation. *Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 828 (N.D. Ill. 2021)

4

(Valderrama, J.) ("…determining whether malic acid acts as a "flavor" or "flavor enhancer" is a factual question not appropriate for resolution on a motion to dismiss); *Hayes v. Gen. Mills, Inc.*, No. 19-CV-05626, 2021 WL 3207749, at *3 (N.D. Ill. July 29, 2021) (Kness, J.) ("…the question of whether malic acid functions as a flavor or a flavor enhancer in a particular food product is a factual dispute inappropriate for resolution on a motion to dismiss.")

Kraft Heinz argues that even if Plaintiff has plausibly alleged that the malic acid in Crystal Light acts as an "artificial flavor," her lawsuit still fails because she has not plausibly alleged that the omission of an "artificial flavor" disclosure is likely to mislead a reasonable consumer. (Dkt 36, at 8-12.) However, Defendant's Products go further than merely omitting the disclosure of artificial flavors. Defendant's Crystal Light Pure products contain labels which expressly state that the products contain "no artificial sweetener, flavors, or preservatives." (Dkt. 1, ¶ 59.) The Court finds that such affirmative statements are likely to mislead reasonable consumers seeking products free from artificial flavors. *Hayes*, 2021 WL 3207749, at *4 ("…the "no artificial flavors" statements on the Products' labels could be deceptive to a reasonable consumer.").

Accordingly, the Court finds that Plaintiff has plausibly alleged that the malic acid in the Products functions as a flavor, and that the "no artificial flavors" statements on the Products' labels could be deceptive to a reasonable consumer. Plaintiff's ICFA claim, therefore, must be allowed to proceed past the pleading stage. Defendants' motions to this dismiss Plaintiff's ICFA claim is denied.

B. California and Pennsylvania Law Claims

Because California and Pennsylvania consumer fraud statutes apply the same reasonable consumer standard that applies to an ICFA claim, these claims must also proceed for the reasons stated above. *See Skinner v. Ken's Foods, Inc.*, 53 Cal.App.5th 938, 948, 267 Cal.Rptr.3d 869 (2020) (reasonable consumer test applies to false advertising claims brought under the UCL, FAL, and

CLRA); *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 648 Pa. 604, 625, 194 A.3d 1010, 1023 (2018) (applying reasonable consumer standard to UTPCPL). Accordingly, Defendants' motion to dismiss Plaintiff's California and Pennsylvania state consumer fraud claims is denied.

C. <u>State and Common Law Claims</u>

Plaintiff also brings state and common law claims for breach of express and implied warranty, negligent misrepresentation, and fraud by omission. These claims are premised on Plaintiff's assertion that Defendants actively concealed the truth about the Products by failing to provide the legally required "artificially flavored" disclosure on the front label of the Products, which are the same allegations discussed in connection with the ICFA claim. Because Plaintiff prevailed on her ICFA claim, the remaining claims do too. *See Hayes v. General Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021) (Kness, J.) (noting Plaintiff's ICFA and common law claims "rise and fall together."); *see also Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1331 (S.D. Cal. 2019) (Bencivengo, J.) (denying a motion to dismiss on breach of express and implied warranty, negligent misrepresentation, and fraud by omission claims under similar circumstances.)

Thus, Defendants' motion to dismiss Plaintiff's remaining state and common law claims is denied.

**Conclusion**

For these reasons, the Court denies Kraft Heinz's motion to dismiss.

IT IS SO ORDERED.

Date: 9/7/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

6